IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Natalie Rose Jordan, ) | |
| ) | Civil Action No. 4:12-2278-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner of ) | |
| Social Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

    The plaintiff, Natalie Rose Jordan ("Jordan"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Social Security disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), DSC, this matter was referred to a magistrate judge for pretrial handling. Now before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 22.)[2] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. Jordan has filed objections to the Report (ECF No. 25) and the Commissioner has responded to those objections (ECF No. 27). Accordingly, this matter is now ripe for review.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2012. Pursuant to Fed. R. Civ. P. 25(d), Colvin should be substituted for Michael J. Astrue.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Jordan filed her DIB application on March 17, 2009, alleging disability due to an elbow injury, von Willebrand's disease, arthritis, and an enlarged heart. Her application was denied at all administrative levels and upon reconsideration. On October 21, 2010, an administrative law judge ("ALJ") heard testimony from Jordan and a vocational expert ("VE") regarding her alleged disability. Subsequently, the ALJ issued a decision denying Jordan's claim.

Specifically, the ALJ found that Jordan suffered from the severe impairments of lateral epicondylitis, derangement of the elbow, and back strain, but that the alleged severity of the symptoms was not credible. As a result, the ALJ found that Jordan should be limited to light work with certain additional restrictions, including only occasional use of her right arm, and that she could return to her past work as a cashier. The Appeals Council denied Jordan's request for review, making the ALJ's decision the Commissioner's final decision. Jordan now seeks judicial review of that decision in this court.

Jordan's objections to the Report restate her original arguments on appeal. Specifically, Jordan asserts that the ALJ improperly concluded that she could return to her past relevant work as a cashier because the cashier position requirements conflict with her RFC.[3] The Dictionary of Occupational Titles ("DOT") states that a cashier II position requires reaching, handling, and fingering frequently. *See* DOT § 211.462-010, 1991 WL 671840. However, the ALJ limited Jordan to only occasional use of her right arm.

An ALJ may use the DOT and VE testimony to determine whether a claimant can return to previous employment. However, the VE's testimony should be consistent with the DOT and, if it is not, the VE must provide a reasonable explanation for the conflict. *See* Social Security

---

[3] Jordan also objects to the Report's finding that the ALJ properly considered her impairments in combination. However, the court agrees with the Report's analysis of that issue and so will not discuss it further here.

Ruling 00-4p. In addition, the ALJ has a duty to ask the VE if her testimony is consistent with the DOT. *Id.*

In this case, the ALJ complied with his duty. He asked the VE at the beginning of her testimony to explain any inconsistencies between her testimony and the DOT and the VE said that she would. The ALJ then posed a hypothetical that accounted for all of Jordan's symptoms, including the limitation of occasional use of the right upper extremity. Even with this limitation, the VE responded that Jordan could return to her past work as a cashier. The DOT description does not say explicitly if a cashier must use one or both arms frequently, but after providing an adequate hypothetical and asking the VE to explain any inconsistencies, the ALJ is entitled to rely on the VE's testimony. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); *Pratt v. Sullivan*, 956 F.2d 830, 836 (8th Cir. 1992) (stating that testimony elicited by hypotheticals adequately relating all of claimant's impairments may constitute substantial evidence to support the ALJ's decision). Accordingly, the court finds that the ALJ's determination that Jordan could return to her past work as a cashier is supported by substantial evidence.

Thus, after a thorough de novo review of the record, the court adopts the Report and its recommended disposition. Therefore, for the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 24, 2014